Filed 2/24/15  P. v. Gilbert CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041284 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F25802) |
| v. | |
| CRYSTAL LAVERNE GILBERT, | |
| Defendant and Appellant. | |

Defendant Crystal Laverne Gilbert appeals from a judgment of conviction entered after she pleaded no contest to one count of theft from an elder adult (Pen. Code, § 368, subd. (d) – count 1) and two counts of identity theft (Pen. Code, § 530.5, subd. (a) – counts 4 & 5).[1]  The trial court sentenced defendant to five years and four months in state prison.  The trial court imposed consecutive terms of four years on count 1, eight months on count 4, and eight months on count 5.

## I.  Statement of Facts

Deanna McIntyre hired defendant to provide care for her husband Charles McIntyre, who was suffering from dementia.  Between May 1, 2013 and October 21, 2013, defendant took over $950 from the elderly McIntyres without their

---

[1]     All further statutory references are to the Penal Code.

1

consent. During the same period, defendant unlawfully obtained Mrs. McIntyre's personal identifying information without her authorization. She then obtained two credit cards using this personal and financial information and obtained various goods. The total amount taken by defendant was over $50,000.

## II. Discussion

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant has submitted written argument on her own behalf.

Defendant contends that the trial court violated section 654's prohibition against multiple punishment by imposing consecutive terms as to all three counts.

Section 654 provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) Thus, "[s]ection 654 precludes multiple punishment for a single act or omission, or an indivisible course of conduct." (*People v. Deloza* (1998) 18 Cal.4th 585, 591.) "Furthermore, 'multiple crimes are not one transaction where the defendant had a chance to reflect between offenses and each offense created a new risk of harm.' [Citation.] Under section 654, a course of conduct divisible in time, though directed to one objective, may give rise to multiple convictions and multiple punishment 'where the offenses are temporally separated in such a way as to afford the defendant opportunity to reflect and renew his or her intent before committing the next one, thereby aggravating the violation of public security or policy already undertaken.' [Citation.]" (*People v. Lopez* (2011) 198 Cal.App.4th 698, 717-718.)

2

Here, defendant was convicted in count 1 of theft of an elder adult.  The record established that defendant began taking funds from the victims' bank account in May 2013.  Defendant was convicted in counts 4 and 5 of identity theft.  The record established that defendant obtained two credits cards by using the victim's personal and financial information sometime after she began accessing their bank account.  She charged $11,695 on the American Express card and $10,116 on the Capitol One card over a two-month period.  Thus, defendant was subject to multiple punishment because the offenses were separated in time, thereby allowing her the opportunity to renew her intent before committing the next offense.  Accordingly, section 654 did not bar consecutive terms for counts 1, 4, and 5.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

### III.    Disposition

The judgment is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.



_____
Márquez, J.

4